IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANILO J.Q.E., | Civil No. 1:26-cv-03370-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| | A# 244-446-529 |
| MARKWAYNE MULLIN, *et al.*, | |
| Respondents. | |

### <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner Danilo J.Q.E.[1] is an immigration detainee proceeding with a petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "petition").  Dkt. No. 1.  In

March 2024, Petitioner applied for admission at a port of entry in Laredo, Texas.  *Id.* at

pg. 4.  After being processed by immigration officers, Petitioner was paroled into the

country.  *Id.*  Petitioner reported for his check-ins, applied for asylum, and attended a

master calendar hearing in 2025.  *Id.* at pg. 5.  U.S. Immigration and Customs

Enforcement officers arrested him in April 2026.  *Id.* at pg. 6.

Petitioner now invokes this court's habeas jurisdiction, contending that his arrest

and detention, without any pre-deprivation process, violate, among other things, his

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

constitutional due process rights.  *Id.* at pgs. 12–14.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g., Pengling Miao v. Chestnut,* No. 1:26-cv-01271, 2026 WL 947020 (E.D. Cal. Apr. 8, 2026); *Yon Kervis U. v. Chestnut*, No. 1:25-cv-2066, 2026 WL 88983 (E.D. Cal. Jan. 12, 2026).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders like those listed above."  Dkt. No. 6.  The court appreciates Respondents' timely and candid response.  Dkt. No. 8.  Although Respondents maintain that Petitioner's detention is lawful, they "agree that the factual and legal issues present here are not substantively distinguishable to the aforementioned cases."[2]  *Id.* at pg. 3.  Respondents do not request a hearing.[3]  *Id.* at pg. 2.

---

[2]     Respondents submit with their response Petitioner's Form I-213 (Record of Deportable/Inadmissible Alien), Dkt. No. 8-1, and his rap sheet, Dkt. No. 8-2. Respondents do not suggest that the contents of these documents materially distinguish this case from the decisions cited by the court.

[3]     Respondents do, however, ask the court to hold this matter in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), Dkt. No. 8, at pg. 3, which presents the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count II, for the reasons stated in those prior orders.  Because it is unnecessary to resolve the other counts in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Danilo J.Q.E. (A# 244-446-529) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of

---

authorities before their detention in 2025.  Those are not the factual circumstances presented here.  The record reflects that the government initially detained Petitioner in 2024, then paroled him into the country.  Given the factual differences between this case and *Rodriguez*, and the nature of the relief Petitioner seeks, the court declines to hold this case in abeyance pending the resolution of the *Rodriguez* appeal.

3

removal, or in the event exigent or urgent circumstances arise that justify arresting and

detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for

Petitioner.

IT IS SO ORDERED.

DATED: May 7, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-03370-MWJS; *Danilo J.Q.E. v. Markwayne Mullin*, et al.; ORDER
GRANTING PETITION FOR WRIT OF HABEAS CORPUS